Janel R. Ablon, Bar No. 198678
jablon@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone: 310.553.0308
Fax No.:    800.715.1330

Kyra A. Buch, Bar No. 296192
kbuch@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone: 213.443.4300
Fax No.:    800.715.1330

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GIBBS, an individual, | Case No. 1:23-at-00986 |
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| v. | |
| AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1-50, inclusive, | |
| | Complaint Filed: October 16, 2023 |
| Defendants. | |

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

4867-7617-0385.1 / 114766-1139

1

NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ARTHUR GIBBS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant AMAZON.COM SERVICES LLC ("Defendant") hereby removes the above-entitled action to this Court from the Superior Court of the State California for the County of Kern. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1332(a)(1), 1441(a), and 1441(b) as this Court embraces the place where the suit is pending, there is complete diversity of the parties' citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this matter as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(1).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446(a) and (b).

## II.   PLEADINGS, PROCESS, AND ORDERS

3. On or about October 16, 2023, Plaintiff Arthur Gibbs ("Plaintiff") filed a Complaint against Defendant and various Doe defendants in the Superior Court of the State of California, Kern County, designated Case No. BCV-23-103465 ("State Court Action"). Plaintiff's Complaint asserts the following causes of action: 1) disability discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.* ("FEHA"); 2) failure to accommodate in violation of the FEHA; 3) failure to engage in the interactive process in violation of the FEHA; 4) retaliation in violation of the FEHA; 5) failure to prevent in violation of the FEHA; 6) wrongful termination in violation of public policy; 7) declaratory

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4867-7617-0385.1 / 114766-1139

2   NOTICE OF REMOVAL OF CIVIL ACTION

1 relief; and 8) injunctive relief.

2     4.    On October 27, 2023, Plaintiff served Defendant with the Summons, Complaint, and all exhibits thereto. True and correct copies of these documents including attachments and exhibits are attached to the Declaration of Janel R. Ablon in Support of Removal of Civil Action to Federal Court ("Ablon Decl." or "Ablon Declaration"), ¶ 2, Ex. A.

    5.    On November 21, 2023, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Kern. Ablon Decl. ¶3, Ex. B.

    6.    Pursuant to 28 U.S.C. section 1446(d), Exhibits A and B to the Ablon Declaration constitutes all process, pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. Ablon Decl., ¶ 4.

    7.    To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action. Ablon Decl., ¶ 4.

### III. DEFENDANT IS TIMELY FILING REMOVAL

    8.    This Notice of Removal is timely filed because it is being filed within thirty (30) days of October 27, 2023, the date of service of the Summons and Complaint, and within one year of the initiation of the State Court Action. *See* 28 U.S.C. § 1446(b).

### IV. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

    9.    This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §

1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

      **A.**     **The Parties Are Completely Diverse.**

<u>**Plaintiff is a Citizen of California.**</u>

10.    Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

11.    Plaintiff asserts that he is a resident of the State of California. Complaint ¶ 1. Throughout Plaintiff's period of employment with Defendant, his personnel records confirm that his home address was in Bakersfield, California. (Declaration of Debbie Jones In Support of Notice to Federal Court of Removal of Civil Action "Jones Decl. ¶3). Accordingly, Plaintiff is a citizen of California for purposes of the jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

<u>**Defendant Amazon.com Services LLC is Not a Citizen of California.**</u>

12.    A limited liability company has the same citizenship as that of its member(s). *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

13.    Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Washington. Declaration of Zane Brown in Support of Removal of Civil Action to Federal Court ("Brown Decl."), ¶ 2. Its sole member is Amazon.com Sales, Inc. *Id*.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

4867-7617-0385.1 / 114766-1139

4    NOTICE OF REMOVAL OF CIVIL ACTION

14. A corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically the corporation's headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

15. Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Washington. Brown Decl. at ¶ 3. Its corporate headquarters are located in Seattle, Washington. *Id.* All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. *Id*. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

16. Based on the citizenship of its member, Defendant Amazon.com Services LLC also is a citizen of Delaware and Washington.

### Doe Defendants' Citizenship is Disregarded.

17. The citizenship of Does 1 through 50 is irrelevant for purposes of removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

18. Therefore, complete diversity of citizenship exists between the parties.

**B.  The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.**

19. Although Defendant denies the validity and merits of Plaintiff's claims and the claims for monetary and other relief that flow from them, the amount in controversy exceeds the threshold of $75,000.00 exclusive of interest and costs.

20. Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *Id*. ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds the threshold. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted).

21. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

///

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

4867-7617-0385.1 / 114766-1139

6   NOTICE OF REMOVAL OF CIVIL ACTION

**Lost Wages**

22. Plaintiff worked for Defendant from December 13, 2022, until his February 15, 2023 termination, and in that time earned a total of $7,090.97 inclusive of overtime and shift differentials, for an average monthly pay of approximately $3,545.48. Jones Decl., ¶ 2. His alleged back pay damages from date of termination to the time of removal is approximately **$31,909.37**.

23. Additionally, the amount in controversy includes pay from the time of removal to the time of trial. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) (the amount in controversy is the amount at stake in the underlying litigation and "if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them."); *Harrod v. Bass Pro Outdoor World, L.L.C.*, No. EDCV 17-02386-CJC(SHK), 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) ("On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment, as well as front pay for the time after trial.").

24. When no trial date has been set, "courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay." *Olvera v. Quest Diagnostics*, No. 219CV06157RGKSK, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) (citing *Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corporation*, No. 2:18-CV-08173-AB-MRW, WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018))). The one additional year of back pay that would accrue prior to trial equates to an additional $42,545.82, bringing Plaintiff's lost wages to approximately **$74,455.19**.

**Emotional Distress**

25. The potential for emotional distress damages is properly considered in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016). Defendant denies that Plaintiff is entitled to any emotional distress damages in this case. However, Plaintiff alleges that he has suffered emotional distress because of Defendant's alleged conduct. *See* Complaint ¶¶ 21, 28, 35, 42, 50, 57. Emotional distress awards in discrimination cases may be substantial. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). *See also Ko v. The Square Grp. LLC,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. Ct. 2014) (awarding $125,000 for pain and suffering in a FEHA discrimination case); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (collecting cases).

26. In *Kroske*, the Ninth Circuit affirmed the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. *See Plata,* 2016 WL 6237798, *3 (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Based on the conservative estimate from *Kroske* and the foregoing jury verdicts, a conservative estimate of the emotional distress damages at issue here is at least **$25,000.00.**

///

**Punitive Damages**

27. Punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, *3. Defendant denies that Plaintiff is entitled to any punitive damages in this case, but Plaintiff has pled them. Punitive damages awards in discrimination cases may be significant. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc*., 13 F.3d 1357, 1360 (9th Cir. 1994). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). "Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332, 334 (S.D. Iowa 1994).

28. Using a conservative estimate of punitive damages equal to twice Plaintiff's emotional distress damages, the punitive damages in this case add an additional **$50,000.00** to the amount in controversy.

**Attorneys' Fees**

29. Defendant denies that Plaintiff is entitled to any attorneys' fees in this case. However, attorneys' fees in discrimination cases may be appreciable. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899

F.3d 785, 795 (9th Cir. 2018). As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

30. "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case] may reasonably be expected to equal at least $50,000 (100 hours x $500 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Attorneys' fees much larger than that are regularly upheld in FEHA cases. *See, e.g., Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in FEHA case).

31. Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least an additional **$50,000.00** to the amount in controversy.

### Summary of Amount in Controversy

32. Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief available to Plaintiff is taken as a whole, the amount in controversy, using conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost Wages from Termination to Removal | $31,909.37 |
| Lost Wages from Removal | $42,545.82 |

| | |
|---|---|
| to Trial | |
| Emotional distress | $25,000 |
| Punitive damages | $50,000 |
| Attorneys' Fees | $50,000 |
| **Total Amount in Controversy** | **$199,455.20** |

## V.  NOTICE OF REMOVAL

33. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to D. Aaron Brock, Jesse S. Stratos, and Douglas B. Hayes, Brock & Gonzalez, LLP, 6701 Center Drive West, Suite 610, Los Angeles, CA 90045, Counsel for the Plaintiff.

34. A copy of the Notice of Removal will also be filed with the Clerk of the Kern County Superior Court.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of the State of California for the County of Kern, to this Court, and requests this Court assume full jurisdiction over this matter as provided by law.

Dated:      November 27, 2023

LITTLER MENDELSON, P.C.

_____
Janel R. Ablon
Kyra A. Buch
Attorneys for Defendant
AMAZON.COM SERVICES LLC